# LAW OFFICES OF

## O'KEKE & ASSOCIATES, P.C.

801 Franklin Avenue.
Brooklyn, New York 11238
Tel.: (718) 855-9595
Attorneys for plaintiffs

```
-----------------------------------X----------------------------
CHRISTOPHER MCLEAN            :UNITED STATES DISTRICT COURT
                             :EASTERN DISTRICT OF NEW YORK
              Plaintiff(s),  :
                             :   CASE No.:15 CV 3415
   against                   :
                             :   CIVIL ACTION
                             :
THE CITY OF NEW YORK,        :   AMENDED COMPLAINT
P.O. TIMOTHY DONOHUE,(Shield#5558) :
P.O. JAMES HARKINS, (Shield#13542) :   PLAINTIFF DEMANDS
SGT. PETER THALL, (Shield#787) :   TRIAL BY JURY
 "JOHN DOE" AND     "JANE DOE" :
1'through'4                  :
                             :
                             :   (ENV) (MDG)
              Defendant(s).  :
-----------------------------------X----------------------------
```

   TAKE NOTICE, the Plaintiff, Mr. Christopher McLean, hereby appears in this action by his attorneys, The Law Offices of O'keke & Associates, P.C., and demands that all papers be served upon him, at the address below, in this matter.


   Plaintiff, Mr. Christopher McLean, by his attorneys The Law Offices of O'keke & Associates, P.C., complaining of the defendants, The City of New York, P.O. Timothy Donohue (Shield# 5558), P.O. James Harkins (Shield#13542),Sgt. Peter Thall,(Shield#787), John Doe and Jane Doe 1 through 4,collectively referred to as the Defendants, upon information and belief alleges as follows:


## <u>NATURE OF THE ACTION</u>

1.  This is an action at law to redress the deprivation of

rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

## JURISDICTION

2. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States.  Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

4. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## SATISFACTION OF THE PROCEDURAL PREREQUISITES FOR SUIT

5.   All conditions precedent to the filing of this action has been complied with.

6.   It has been less one year and ninety days (1Year and 90days) since the incident complained of herein was initially filed.

7.   This action, pursuant to applicable Federal and State Law, has been commenced within one year and ninety days (1Year and 90days)after the happening of the event upon which the claim is based.

## PARTIES

8.   Plaintiff resides in Brooklyn, New York and is a resident of the State of New York.

9.   The actions which form the underlying basis for this case all took place in the County of Kings, within the jurisdiction of the Eastern District of New York.

10.  Defendants, P.O. Timothy Donohue (Shield# 5558), P.O. James Harkins (Shield#13542),Sgt. Peter Thall,(Shield#787), John Doe and Jane Doe 1 through 4, are all known and unknown police officers for the City of New York, acting under color of state law.  They are being sued in both their individual and official capacity.

11.  The Defendant, City of New York is a municipality in the State of New York and employs the Defendants Police Officers.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12.  On or about July 17, 2014, sometime after the hours of 11:00PM, two of the defendant officers, inclusive of defendant P.O. Timothy Donohue, working with the New York City Police Department and assigned to the 71st Precinct,

without probable cause and/or justification, arrested the
plaintiff at or near the front of 1035 Union Street,
Brooklyn, New York, County of Kings.

13. Prior to and after effecting the unlawful arrest against
the plaintiff, plaintiff had just exited his residence at
1035 Union Street, Brooklyn, NY, and was outside talking to
some of his friends, when the defendant officers pulled up
in a NYPD vehicle, exited their car and accosted one of
defendant's friends.   While the defendant officers were
searching his friend, plaintiff without approaching and or
interfering with the officers actions, from where he was
standing asked his friend what his (friend) had done and if
he (friend) was okay.   The defendant officers then turned
left the plaintiff's friend and started walking towards the
plaintiff.   One of the defendant officer's then said to the
second defendant officer "look who it is", referring to the
plaintiff and then requested plaintiff's identification.
Plaintiff immediately provided his identification and was
immediately told to turn around and place his hands behind
his back, for him to be arrested.   Plaintiff requested that
the defendant officers run his id, as he was sure that he
did not have any warrants, especially as he had just been
released from the courts less than two hours before the
incident.   The defendant officers refused to run a check on
plaintiff's identification and informed plaintiff that they
would run a check on plaintiff when they got plaintiff to
the precinct. Plaintiff in full compliance of all the
defendants' instruction, placed his hand behind his back
and was then arrested, grabbed and thrown in the same
vehicle that defendants arrived in.

14. The plaintiff remained in the back seat of the police car
for a few minutes, until additional police cars and

officers arrived at the scene of arrest. That shortly after the arrival of the additional police, the defendant officers then opened the back door to the squad car that plaintiff was seated in and grabbed the plaintiff to pull plaintiff out, however, plaintiff's foot became stuck underneath the car seat, and plaintiff was unable to exit the car. That notwithstanding that plaintiff repeatedly informed the officers and was screaming in pain that his foot was stuck, one of the defendant officer's continued to pull plaintiff in an attempt to force the plaintiff out of the car. That after plaintiff kept screaming in pain and stating that they were breaking his leg, one of the defendant officers then went round to the other side of the car and opened the door to push plaintiff out, that defendant officer then realized that the plaintiff's foot was actually stuck and then informed the other defendant officer that was still trying to pull plaintiff out from the other side. The plaintiff's foot was then freed and plaintiff pulled out from the squad car and then placed in a new squad car. That as a result of the defendant officers forcefully pulling on plaintiff while his foot was stuck, the plaintiff had sustained serious injuries to his leg and foot and was in a lot of pain. Plaintiff immediately requested medical treatment as he could no longer stand upright using the leg that had been hurt, but the defendants ignored plaintiff's numerous requests for medical treatment.

15. The plaintiff was then transported to the NYPD 71st precinct, where upon arrival he was instructed to exit the squad car. Plaintiff informed the defendant officers that he could not stand or walk as a result of the injuries plaintiff had sustained when plaintiff was being pulled out

of the car, and that the defendants would have to carry him, plaintiff again requested medical treatment for his injuries but was ignored.

16. The defendant officers pulled the plaintiff out of the squad car and carried plaintiff by the arms while plaintiff was hopping on one leg. When they reached inside of the precinct, they pushed the plaintiff towards the front desk causing plaintiff to fall on the floor. When the desk sergeant enquired as to why plaintiff was on the floor, the defendant officers then told the desk sergeant that plaintiff was being a jerk. The plaintiff then informed the desk sergeant from the floor where he was that the defendants had hurt his leg and foot and that he needed immediate medical treatment. To wit the desk sergeant instructed that plaintiff be searched and placed in a cell.

17. The defendant officers then proceeded to search plaintiff on the floor where plaintiff was, emptying plaintiff's pockets and then lifting plaintiff up and carrying plaintiff lengthwise. As the defendants were carrying the plaintiff to the back to be placed in a cell, they intentionally rammed the plaintiff's head into a bathroom door, causing other arrestees that were being held in the cell to start shouting in shock, and plaintiff to scream in pain. Thereafter the plaintiff was put down in front of the cell rooms, where other arrestees were being detained. One of the defendant's was holding plaintiff up, while another defendant removed plaintiff's shoes. That after removing plaintiff's shoes and while plaintiff was still handcuffed in the rear, one of the defendant officers pulled out a flip knife and sliced the plaintiff's hand in the back, almost severing plaintiff's thumb. That blood started gushing out everywhere and the other arrestees that

were being held in the cell started screaming.  Plaintiff immediately fell back to the floor screaming in pain and shouting at defendant officers that they are trying to kill him.  One of the defendant officers stated that it was not him and the other defendant officer was allegedly trying to cut plaintiff's belt off, when he cut the plaintiff's hand.

18. That one defendant brought lots of tissue and stuffed the tissue on plaintiff's hand, then all other arrestees in the cell were moved to another cell, so that the defendants could clean plaintiff's blood that had now seeped into the cells were the arrestees were being held.

19. The plaintiff was then left in a cell by himself, while as he continued to bleed with no additional treatment.

20. That about thirty (30) minutes later, paramedics arrived, administered an oxygen mask to the plaintiff amongst other first aid treatment and plaintiff was then rushed to Kings County Hospital, where plaintiff received xrays, pain killers and approximately 12 stitches on his hand before he was released and advised to follow up with his own physician.

21. After spending several hours in the hospital, plaintiff was then transported back to the NYPD 71st Precinct, where he was again detained in a holding cell for several more hours.  Plaintiff was pedigreed and then transported to the Central Bookings Division of the Criminal Court, Kings County, where plaintiff was again pedigreed and detained for several more hours, before defendant was brought before a judge of the criminal court and charged with the crimes of NY PL 120.05.03 Assault in the Second Degree, with intent to cause physical injury to an officer together with other additional criminal charges.

22. The plaintiff was then released on his own recognizance,

but was caused to return to court on several occasions, before the case was finally adjourned in contemplation of dismissal on May 28, 2015.

23. That all the charges against the plaintiff were false and based upon facts fabricated and falsified by the defendant officers.

24. That besides plaintiff enquiring from his friend whether his friend was okay, he did not say anything or do anything to warrant his arrest, detention and assault by the defendant officers.

25. That the attack on plaintiff was so violent, brazen, and uncalled for, causing plaintiff to suffer a severe cut to his hand and permanent loss of some of the functions of his hand, plus pain to plaintiff's foot, leg and head.

26. That as a result of the violent attack, plaintiff was in a daze and on the verge of losing consciousness by the time the paramedics were finally called and arrived, causing the paramedics to place the plaintiff in an oxygen mask, while plaintiff was being transported from the precinct to the hospital.

27. That none of the defendant officers did anything to prevent their colleague from cutting the plaintiff's hand with a knife.

28. Notwithstanding that all plaintiff do was ask his friend an entirely legitimate question, plaintiff was unlawfully arrested unlawfully detained and assaulted, by the defendant officers.

29. The defendant officers fabricated and falsified the facts surrounding the arrest of the plaintiff and submitted the same falsified information to the Kings County District Attorney's Office.

31. That at plaintiff's arraignment, plaintiff was charged with

assault on a police officer along with several other criminal charges all based on false statements provided by the defendant officers.

32. Plaintiff was released on his own recognizance and caused to return to court on several occasions, before the case was eventually adjourned in contemplation of dismissal on May 28, 2015.

33. The decision to arrest the plaintiffs was objectively unreasonable under the circumstances.

34. That while plaintiff was being detained, the defendants individually and/or collectively completed arrest paperwork, in which they falsely swore in part, that the plaintiff had committed a crime and/or offense.

35. The factual claim by the defendant officers were materially false and the defendant officers knew it to be materially false at the time they first made it, and every time thereafter when they repeated it.

36. That the defendant officers forwarded these false allegations to the Kings County District Attorney ("KCDA") in order to justify the arrests and to persuade the KCDA to commence the plaintiff's criminal prosecution.

37. That as a direct result of these false allegations by the defendant an officer, the plaintiff was criminally charged under Docket Number 2014KN053743.

38. The plaintiff remained in the detention of the defendants for approximately two days, before the plaintiff was brought before a judge of the criminal court. Thereafter plaintiff appeared on several occasions with his criminal attorney on separate dates, until the case was finally dismissed and the plaintiff was fully released from the custody of the defendants.

39. At no time prior to or during the above events was there

probable cause to arrest the plaintiff, nor was it reasonable for the defendants to believe that probable cause existed.

40. At no time did any defendant take any steps to intervene in, prevent, or otherwise limit the misconduct engaged in by the defendants against the plaintiff.

41. The defendant officers intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

42. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer injuries, including but not limited to headaches, pain in his hand, foot and leg, together with nightmares and severe anger bouts some or all of which may be permanent.

43. The false arrest of plaintiff, plaintiff's wrongful imprisonment because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

44. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

45. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

46. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

47. That the defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and over the NYPD

48. Defendant New York City had actual or constructive knowledge that there was inadequate supervision over and /or within the NYPD with respect to its members' abuse of their authority, abuse of arrest powers and other blatant violations of the United States Constitution and rules and regulations of the NYPD. Despite ample notice and/or knowledge of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put in place to ensure that NYPD members engaged in police conduct in a lawful and proper manner, inclusive of use of their authority as law enforcement officers with respect to the general public and specifically the plaintiff herein.

49. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic and institutional misuse and abuse of police authority by its NYPD employees and thereby deliberately and intentionally adopted, condoned and otherwise created through deliberate inaction and negligent supervision and NYPD policy, practice and custom of utilizing illegal and impermissible searches, arrests and

detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond plaintiff's arrest.

50.   That all of the acts and omissions by the defendant officers described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

51.   The existence of the unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in a long history of civil actions in state and federal courts.

52.   In an Order dated November 25, 2009, in Colon v. City of New York, 09 CV 0008 (EDNY), the court held that:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration—through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department—there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now

*charged.*

53. That on more than half of the occasions where the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

54. That the defendant New York City has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk and the inadequate level of supervision would lead to violation of individuals constitutional rights in general, and caused the violation of plaintiff's rights in particular.

55. The actions of all defendants, acting under color of State law, deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

56. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

57. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

**AS A FIRST CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER FALSE ARREST AND FALSE IMPRISONMENT UNDER 42 U.S.C § 1983**

58. By this reference, plaintiff incorporates each and every

allegation and averment set forth in paragraphs 1 through 57 of this complaint as though fully set forth herein.

59. The arrest, detention and imprisonment of plaintiff was without just or probable cause and without any warrant or legal process directing or authorizing the plaintiff's arrest or subsequent detention.

60. As a result of plaintiff's false arrest and imprisonment, he has been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know them, was prevented from attending to their necessary affairs, and have been caused to incur legal expenses, and have been otherwise damaged in his character and reputation.

61. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

62. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

63. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

**AS A SECOND CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER**

**MALICIOUS PROSECUTION UNDER 42 U.S.C§ 1983**

64. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 63 of this complaint as though fully set forth herein.

65. The commencement and continued prosecution of the criminal judicial proceeding against plaintiffs, including the arrest, the imprisonment, and the charges against plaintiff

was committed by or at the insistence of the defendant
officers without probable cause or legal justification, and
with malice.

66. That the defendant officers were directly involved in the
initiation of criminal proceedings against the plaintiff.

67. That the defendant officers lacked probable cause to
initiate criminal proceedings against the plaintiff.

68. That the defendant officers acted with malice in initiating
criminal proceedings against the plaintiff.

69. That the defendant officers were directly involved in the
continuation of criminal proceedings against the plaintiff.

70. That the defendant officers lacked probable cause in
continuing criminal proceedings against the plaintiff.

71. That the defendant officers acted with malice in continuing
criminal proceedings against the plaintiff.

72. That the defendant officers misrepresented and falsified
evidence throughout all phases of the criminal proceeding.

73. That the defendant officers misrepresented and falsified
evidence to the prosecutors in the Richmond County District
Attorney's office.

74. That the defendant officers withheld exculpatory evidence
from the prosecutors in the Richmond County District
Attorney's office.

75. That the defendant officers did not make a complete
statement of facts to the prosecutors in the Kings County
District Attorney's office.

76. The criminal judicial proceeding initiated against
plaintiffs was dismissed on January 15, 2012, and
terminated in the plaintiff's favor.

77. The arrest, imprisonment and prosecution of the plaintiffs
were malicious and unlawful, because plaintiffs had
committed no crime and there was no probable cause to

believe that plaintiffs had committed any crimes.

78. The defendant officers actions were intentional, unwarranted and in violation of the law. The defendant officers had full knowledge that the charges made before the Court against the plaintiffs were false and untrue.

79. As a consequence of the malicious prosecution by the defendant officers, plaintiff suffered a significant loss of liberty, humiliation, mental anguish, depression, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against defendant officers, individually and severally.

80. In addition, the defendant officers conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

81. The defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

82. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

**AS A THIRD CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER:**
**EXCESSIVE FORCE UNDER 42 U.S.C § 1983**

83. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 82 of this complaint as though fully set forth herein.

84. The level of force employed by one or more of the defendant officers was objectively unreasonable and in violation of the plaintiff's constitutional rights.

85. As a result of the aforementioned conduct of the defendant officers, the plaintiffs were subjected to excessive force, resulting in serious and severe physical injuries.

86. As a consequence of the defendant officers' individual and/or collective actions as set forth above, the plaintiff suffered serious personal injuries, and his constitutional rights were violated. Plaintiffs hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against the defendant officers, individually and severally.

**AS A FOURTH CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER:**
**UNLAWFUL SEARCH UNDER 42 U.S.C § 1983**

87. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 86 of this complaint as though fully set forth herein.

88. Following the plaintiff's arrest, the defendant officers searched and/or strip-searched and/or caused the plaintiff and/or his property to be searched and/or strip-searched, without any individualized reasonable suspicion that he was concealing weapons or contraband.

89. As a result of the foregoing, the plaintiff was subjected

to an illegal and improper search and/or strip-search.

90.   The foregoing unlawful search violated the plaintiff's constitutional right to privacy, as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

91.   As a consequence of the defendant officers' individual and/or collective actions as set forth above, the plaintiff suffered a significant loss of liberty, humiliation, mental anguish, depression, and his constitutional rights were violated. Plaintiffs hereby demands compensatory damages and punitive damages in an amount to be determined at trial, against the defendant officers, individually and severally.

### AS A FIFTH CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER:
### FAILURE TO INTERVENE UNDER 42 U.S.C § 1983

92.   By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 91 of this complaint as though fully set forth herein.

93.   Each defendant officer had an affirmative duty to intervene on the plaintiff's behalf to prevent the violation to his constitutional rights, as more fully set forth above.

94.   Each defendant officer failed to intervene on the plaintiff's behalf to prevent the violation of his constitutional rights, despite having had a realistic and reasonable opportunity to do so. 75. As a consequence of the defendant officers individual and/or collective actions, the plaintiff suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, serious personal injuries, and his constitutional rights were violated. Plaintiff hereby demands compensatory

damages and punitive damages, in an amount to be determined at trial, against the defendant officers, individually and severally.

**AS A SIXTH CAUSE OF ACTION: AGAINST EACH DEFENDANT OFFICER: DENIAL OF A CONSTITUTIONAL RIGHT TO A FAIR TRIAL UNDER 42 U.S.C § 1983 DUE TO THE FABRICATION/FALSIFICATION OF EVIDENCE**

95. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 94 of this complaint as though fully set forth herein.

96. Each defendant officer created false evidence against the plaintiff.

97. Each defendant officer forwarded false evidence and false information to the prosecutors in the Kings County District Attorney's office.

98. Each defendant officer was directly involved in the initiation of criminal proceedings against the plaintiffs.

99. Each defendant officer lacked probable cause to initiate criminal proceedings against the plaintiff.

100. Each defendant officer acted with malice in initiating criminal proceedings against the plaintiff.

101. Each defendant officer was directly involved in the continuation of criminal proceedings against the plaintiffs.

102. Each defendant officer lacked probable cause in continuing criminal proceedings against the plaintiffs.

103. Each defendant officer acted with malice in continuing criminal proceedings against the plaintiff.

104. Each defendant officer misrepresented and falsified evidence throughout all phases of the criminal proceeding.

105. Each defendant officer misrepresented and falsified evidence to the prosecutors in the Richmond County District

Attorney's office.

106. Each defendant officer withheld exculpatory evidence from the prosecutors in the Richmond County District Attorney's office.

107. Each defendant officer did not make a complete statement of facts to the prosecutors in the Richmond County District Attorney's office.

108. By creating false evidence against the plaintiffs; forwarding false evidence and information to the prosecutors; and by providing false and misleading testimony throughout the criminal proceedings, each defendant officer violated the plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

109. As a consequence of the defendant officers' actions, the plaintiffs suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, and his constitutional rights were violated. Plaintiffs hereby demands compensatory damages and punitive damages in an amount to be determined at trial, against each defendant officer, individually and severally.

**AS A SEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS:**
**ASSAULT AND BATTERY**

110. Plaintiff repeats and realleges paragraphs 1 through 109 as if each paragraph is repeated verbatim herein.

111. At the time of the plaintiff's arrest by the defendant officers, the plaintiff did not challenge nor resist the defendants, nor engage in any threatening behavior towards the defendants.

112. However, as set forth above, the defendant officers

assaulted the plaintiff, battered the plaintiff, and subjected the plaintiff to excessive force and summary punishment.

113. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers' acts as described above.

114. Consequently, the plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against the defendants, individually and severally.

115. This action, upon information and belief, falls within one or more of the exceptions of CPLR 1602.

**AS A EIGHTH CAUSE OF ACTION AGAINST ALL DEFENDANTS: NEGLIGENCE**

116. Plaintiff repeats and realleges paragraphs 1 through 115 as if each paragraph is repeated verbatim herein.

117. As a direct and proximate result of the negligent acts and/or omissions of the defendants as set forth herein, the plaintiffs suffered physical injury, conscious pain and suffering, medical expenses, and mental anguish.

118. That by reason of the said negligence, the plaintiff suffered and still suffers bodily injuries, became sick, sore, lame and disabled and has remained sick, sore, lame and disabled since the aforesaid incident; has suffered great pain, agony and mental anguish and is informed and verily believes that he will continue to suffer for a long time to come and that said injuries are permanent; has suffered economic loss inasmuch as he was forced to, and is still forced to expend sums of money on medical treatment; that he was deprived of his pursuits and interests and verily believes that in the future he will continue to be

deprived of such pursuits; and that said injuries are permanent. The defendant officers were at all material times acting within the scope of their employment, and as such, the City defendant is vicariously liable for the defendant officers acts as described above.

119. This cause of action, upon information and belief, falls within one or more of the exceptions of CPLR 1602.

   **WHEREFORE**, plaintiff respectfully requests judgment against the Defendants as follows:

1. For compensatory damages against all defendants in an amount to be proven at trial;

2. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

3. For costs of suit herein, including plaintiff's reasonable attorney's fees; and

4. For such other and further relief as the court deems proper.

Dated: January 28, 2016
       Brooklyn, New York

                  O'keke & Associates, P.C.


                  _____
                  Patrick O'keke, Esq. (PO-2861)
                  O'keke& Associates, PC.
                  Attorney for Plaintiff
                  801 Franklin Avenue
                  Brooklyn, New York 11238
                  Tel. (718) 855-9595

Civil Case Number: 15 CV 3415 Attorney: PATRICK O'KEKE [2861]

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

CHRISTOPHER MCLEAN

                                        Plaintiff(s),

    against


THE CITY OF NEW YORK, P.O. TIMOTHY DONOHUE,(Shield#5558), P.O.
JAMES HARKINS, (Shield#13542), SGT. PETER THALL, (Shield#787)
 "JOHN DOE" AND     "JANE DOE", 1'through'4
     :
                                        Defendant(s).

---

**AMENDED SUMMONS & AMENDED COMPLAINT**
**DEMAND TRIAL BY JURY**

---

**O'keke & Associates, PC**
801 FRANKLIN AVENUE, BROOKLYN NY, 11238
PHONE: (718) 855-9595  FAX: (718) 855-9494
EMAIL: polawuk@aol.com,

---

To:


Defendants/Attorney(s) For Defendants.

---

Service of a copy of the within is hereby admitted

Dated: _____

Attorney(S) For: _____

---